**Mrs. Mary KARPOVICH**

v.

**David MATTHEWS, as Secretary of Health, Education and Welfare.**

Civ. A. No. 76–1188.

United States District Court, E. D. Pennsylvania.

April 21, 1978.

Anthony J. Miernicki, Shenandoah, Pa., for plaintiff.

David W. Marston, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

In previously remanding the record in this case, we pointed out that the Administrative Law Judge (ALJ) was not warranted in rejecting the plaintiff's testimony because of her lack of knowledge of where and in what mine her deceased husband worked, who owned the mine, the size of the mine, the number of employees therein, the duties performed by the decedent and like matters. We explained that conditions prevailing in 1939, and prior thereto, in the so-called "bootleg mines" were such that plaintiff may indeed not have known the basic facts and circumstances surrounding the decedent's employment.

 With full recognition of the existence of those unique "conditions" the ALJ has again denied benefits. In so doing, he has reviewed the testimony at length and has explained the basis and reasons for his decision in detail. He has exhaustively detailed the basis for his rejection of the plaintiff's testimony and that of her witnesses. The ALJ was present, saw and observed the witnesses testify, observed the manner in which they testified and their demeanor upon the witness stand. He is necessarily the best judge of their credibility and of the weight, if any, to be attached to their testimony. Thus, we are bound by his findings and conclusions, the basis for which he has specifically detailed. It is not our function to weigh the evidence. As was stated by the Circuit Court of Appeals in *Gober v. Matthews*, 574 F.2d 772 (3rd Cir.) (1978) " * * * An administrative law judge is free to resolve issues of credibility as to lay testimony * * *" (P. 777). " * * * We cannot say that the administrative law judge's decision was not within his discretion * * *" (P. 775). It is not "unclear whether the administrative law judge accepted" or rejected the plaintiff's testimony (P. 159), *Schaaf v. Matthews*, 574 F.2d 157 (3rd Cir.) (1978) and that of her witnesses. He clearly rejected it. Neither do "we have before us only vague indications of why the administrative law judge rejected * * *" plaintiff's evidence (P. 160). He has clearly stated the basis for the rejection of the evidence upon which plaintiff relies. Moreover, he has clearly "explained the reasons for his refusal to credit uncontradicted * * evidence". (P. 160)

Accordingly, we shall grant defendant's motion for summary judgment and deny similar motion filed by the plaintiff.